USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-13-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO CULBERO,

                       Petitioner,

         - against -

WILLIAM A. LEE,

                       Respondent.

: : : : : : : : : : : :

**MEMORANDUM
OPINION AND ORDER**

**11 Civ. 4452 (PAC) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

In his Petition seeking a writ of *habeas corpus*, Culbero alleges violations of his rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Before the Court is *pro se* Petitioner's combined application for appointment of counsel and to proceed *in forma pauperis*. He may proceed *in forma pauperis*, but the request for counsel is **DENIED**.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citing *United States ex rel. Wissenfield v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)); *see also Coita v. Leonardo*, No. 96 Civ. 1044 (RSP/DHR), 1998 WL 187416 (N.D.N.Y. Apr. 14, 1998). However, a court may in its discretion appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Second Circuit has detailed a number of factors for courts to apply in evaluating the request of a *pro se* plaintiff for counsel, including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802

F.2d 58, 62 (2d Cir. 1986). No particular factor is controlling in a case, rather "Each case must be decided on its own facts." *Covington v. Kid*, No. 94 Civ. 4324 (SAS), 1998 WL 473950, at *1(S.D.N.Y. Aug. 5, 1998).

Culbero's indigent status qualifies him to proceed *in forma pauperis* in this suit. Pet. Requesting Pro Bono Counsel and Request to Proceed *In Forma Pauperis* ("Pet."), Docket No. 9. He has been diligent in pursuing his claim, detailing extensive facts and background in his petition. While Culbero does not rely on legal citations, he adequately presents his case and the claims raised are not of such legal complexity as to be beyond the grasp of Culbero's advocacy, as evidenced by his petition and motion requesting counsel. Where a plaintiff has proven her ability to prosecute her case and respond to motions, the Court is unlikely to find that pro bono counsel is necessary. *See Maxwell v. New York University*, 407 Fed. Appx. 524, 528 (2d Cir. 2010). Additionally, there will be no opportunity for testimony to be presented or evidence to be heard in this post-conviction motion. Instead, the Court will make a determination based on the submissions of the Parties. *See Coita*, 1998 WL 187416, at *1 (citing *Adams v. Greiner*, 1997 WL 266984 (S.D.N.Y. May 20, 1997) (noting where a movant's claims may fairly be heard on written submissions, the appointment of counsel is not warranted and such applications should ordinarily be denied.))

Based on the above determinations, Culbero's application for *in forma pauperis* status is **GRANTED**, and his motion for pro bono counsel is **DENIED** without prejudice.

**SO ORDERED this 12th day of September 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

2

A copy of this order was sent to the *pro se* plaintiff at:

Lorenzo Culbero
06-A-0458
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582