USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-26-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORENZO CULBERO,

                     Petitioner,

      - against -

WILLIAM A. LEE,

                     Respondent.

**REPORT AND RECOMMENDATION**

11 Civ. 4452 (PAC) (RLE)

---

**To the HONORABLE PAUL A. CROTTY, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* Petitioner Lorenzo Culbero seeks a writ of hebeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of two counts of burglary in the second degree (N.Y. Penal Law §140.25(2)), and criminal possession of stolen property in the fifth degree (N.Y. Penal Law § 165.40). Culbero was sentenced to two consecutive indeterminate terms of sixteen years to life imprisonment for the burglary convictions, to run concurrently with a determinate prison term of one year for the stolen property conviction. Before the Court is Culbero's motion to amend his Petition to add a claim of ineffective assistance of appellate counsel.

For the reasons stated below, I recommend that Culbero's motion be **DENIED**.

## II. BACKGROUND

Culbero filed his Petition on June 28, 2011, and the present motion to amend on March 9, 2012. He explains that he did not include the proposed claim in his original Petition because it had not yet been exhausted in the state court. On February 28, 2012, the New York State Court of Appeals denied him leave to appeal his claim for ineffective assistance of appellate counsel. Culbero argues that Frances Gallagher, his appellate counsel, was deficient because he 1) failed to raise a particular argument that Culbero felt should have been included on

appeal and 2) referenced the suppression hearing transcript where the witness indicated that a "Lorenzo Culbero" sold stolen property.

### III.  DISCUSSION

When a petition for the writ of habeas corpus is pending and has not been decided on the merits, a motion to amend is governed by Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3.d 360, 363 (2d Cir. 2001). Rule 15(a) provides that leave to amend "be freely given," but a court may deny a motion when the proposed claim would be futile. *Jones v. New York State of Military Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Claims of ineffective assistance, including against appellate counsel, are governed by the standard set forth in *Strickland v. Washingon*, 466 U.S. 688 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). A petitioner must show that "counsel's representation fell below an objective standard of reasonableness," which measures the attorney's performance by "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. Reasonable strategic choices made by counsel are unchallengeable. *Id.* at 690. In addition to showing that a decision was unreasonable, a petitioner "must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." *Wynder v. Smith*, No. 09 Civ. 4541 (LAP)(JLC), 2011 WL 70556, *13 (S.D.N.Y. Jan. 10, 2011); *citing Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994). Courts are not required to address both elements if the petitioner "makes an insufficient showing in one." *Wynder*, 2011 WL 70556 at *13; *accord Strickland*, 466 U.S. at 697.

#### A.  Appellate Counsel's Refusal to Raise a Particular Claim on Appeal

Culbero argues that Gallagher failed to raise a particular argument that he had requested. Pet. Reply Br. in Supp. of Mot. to Am. ("Reply") 1. The New York Court of Appeals has noted

2

that "it is the prerogative of counsel, not the client, to decide what issues should be raised on appeal." *People v. White*, 73 N.Y.2d 468, 478 (N.Y. 1989). A defendant retains authority over certain decisions, such as "whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal." *Id.* An attorney has not provided ineffective assistance for failing to raise a claim, even if the claim at issue would have been successful on appeal. *Id.*; *see also Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) ("[C]ounsel does not have a duty to advance every nonfrivolous argument that could be made."). Appellate counsel often "winnow out weaker arguments on appeal and focus on one central issue if possible, or at most on a few key issues." *Id.*

Gallagher informed Culbero in writing that she would not raise the particular argument he wanted to because it had not been preserved on appeal and the record did not support the claim. Resp't Opp. Mot. to Amend, Ex. GG. She suggested that Culbero submit a supplemental *pro se* brief. *Id.* This response by Gallagher does not constitute ineffective assistance. Culbero's request that a particular argument be raised on appeal is outside the authority retained by a defendant when represented by counsel. *White*, 73 N.Y.2d at 478. Gallagher's reasons not to include Culbero's proposed argument is the province of appellate counsel. *See id.*; *see also Fonseca v. Costello*, No. 97 Civ. 4053, 2000 WL 191907, at *8 (holding that appellate counsel's letters detailing reasons why certain claims were not raised on appeal were decisions based on strategy, not ineffective assistance of counsel). Gallagher's representation did not omit "significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Clark*, 214 F.3d at 322. Thus, Cublero's proposed ineffective assistance of appellate counsel would fail as a matter of law, and amending his Petition would be futile.

3

## B. Counsel's Reference to a "Lorenzo Culbero" in Appellate Brief

Culbero also claims that "[Gallagher's] concession to petitioner's guilt that a person with his name sold stolen property" prejudiced his direct appeal. Pet. Reply 4. The suppression hearing transcript shows that the arresting officer, Detective Kenneth Clancy, testified that he saw the name "Lorenzo Culbero" written on the sheet documenting the sale of an item matching the description of purported stolen property. (Prel. Tr. 14-15, Hr'g Tr. 590.) Gallagher acknowledged Clancy's testimony in the appellate brief, but did not concede that the "Lorenzo Culbero" listed on the document was Petitioner. *See* Ex. G, Br. for Def.-Appellant at 3, 52 ("Here, the police had a name – Lorenzo Culbero – a person who had sold stolen property to a jewelry store, but nothing more."). Gallagher's statement does not concede Culbero's guilt. In fact, it is an argument to show that the police had little evidence to connect Culbero to the stolen property. Gallagher's argument is strategic and outside Culbero's authority. *White*, 73 N.Y.2d at 478. Culbero would be unable to establish that Gallagher's representation was outside prevailing professional norms based on this allegation. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## IV. CONCLUSION

For the foregoing reasons, I recommend that Culbero's motion to amend his Petition be **DENIED** because the proposed amendment is futile.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, and to the chambers of the undersigned,

4

Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: December 26, 2012**
**New York, New York**

                                    **Respectfully Submitted,**

                                    */s/ Ronald L. Ellis*

                                    **The Honorable Ronald L. Ellis**
                                    **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Lorenzo Culbero
06-A-0458
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582
*Pro Se*

Paul Bernard Lyons
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
(212)-416-8229
Fax: (212)-416-8010
Email: paul.lyons@ag.ny.gov