UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO CULBERO,

        Petitioner,

v.

WILLIAM A. LEE,

        Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 8, 2013
```

11 Civ. 4452 (PAC) (RLE)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On June 28, 2011, pro se Petitioner Lorenzo Culbero ("Culbero") filed a petition ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On August 1, 2011, the Court referred this matter to Magistrate Judge Ellis. (ECF No. 7.) Subsequently, on March 9, 2012, Culbero filed a motion to amend his Petition to include a claim for ineffective assistance of appellate counsel. On December 26, 2012, Magistrate Judge Ellis issued a Report and Recommendation ("R&R") that the Court deny Culbero's motion to amend on the grounds that amendment would be futile. (ECF No. 17.) For the reasons that follow, the Court adopts Magistrate Judge Ellis's findings and recommendations and denies Culbero's motion to amend his Petition.

## BACKGROUND

### A.    Factual Background and Procedural History[1]

Culbero was convicted in New York State court of two counts of burglary in the second degree under New York Penal Law Section 140.25(2) and one count of criminal possession of stolen property in the fifth degree under New York Penal Law Section 165.40.

On March 9, 2012, Culbero filed his motion to amend his June 28, 2011 Petition before this Court to include a claim of ineffective assistance of appellate counsel, and indicated that he

---

[1] Unless otherwise indicated, all facts herein are taken from the R&R.

had not included this claim in his original Petition because the issue had been pending in state court at the time he filed the Petition.[2]

Culbero argues that his appellate counsel on direct appeal was ineffective for failing to raise a particular argument that Culbero felt should have been included on appeal. Culbero also contends that in an appellate brief his counsel inappropriately referenced the suppression hearing transcript where the witness indicated that a "Lorenzo Culbero" sold stolen property.

### B. Magistrate Judge Ellis's Report and Recommendation

Magistrate Judge Ellis recommended that the Court deny Culbero's motion to amend as futile because Culbero's contentions would fail as a matter of law. Magistrate Judge Ellis concluded that counsel did not omit significant and obvious issues while pursuing issues that were plainly weaker, and determined that counsel did not concede Culbero's guilt, but rather pursued a line of argumentation that was strategic and within the bounds of prevailing professional norms. Culbero did not file objections to the R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the R&R "to which no objections have been made and which are not facially erroneous." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quotations omitted). While the Court recognizes Culbero's pro se status and reads his "supporting papers liberally," Culbero is "not exempt from the rules of procedural and

---

[2] On March 30, 2011, Culbero filed a coram nobis petition with the Appellate Division of the New York Supreme Court, asserting the ineffective assistance of appellate counsel on his direct appeal from his convictions. On October 18, 2011, the Appellate Division denied Culbero's petition, and the New York Court of Appeals denied his leave application on February 28, 2012.

2

substantive law." DiPilato v 7-Eleven, Inc., 662 F. Supp. 2d 333, 343 (S.D.N.Y 2009) (citations omitted).

## II. ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading with the Court's leave, and the Court should freely give leave when justice so requires. Courts, however, may deny leave when amendment would prove futile. Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999).

To show that appellate counsel was ineffective, under the test of Strickland v. Washington, 466 U.S. 668 (1984), a petitioner "must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009) (internal quotations omitted). Under the Strickland test, the Court must first determine whether counsel's allegedly deficient acts or omissions were "outside the wide range of professionally competent assistance" and violated "prevailing professional norms." Strickland, 466 U.S. at 687–88, 690. Tactical choices made after careful examination of law and facts germane to reasonable lines of argumentation are "virtually unchallengeable." Strickland, 466 U.S. at 690.

Culbero contends that counsel, on appeal, did not make a particular argument he had asked her to raise. Appellate counsel, however, "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Magistrate Judge Ellis found that appellate counsel did not act outside the bounds of professional norms, but considered Culbero's argument and informed him that she

would not raise it because the contention had not been preserved on appeal and the record did not support it. Counsel's tactical decision did not constitute an omission of a "significant and obvious issue[]," nor did counsel pursue issues that were "clearly and significantly weaker." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000).

Magistrate Judge Ellis also determined that counsel's decision to acknowledge certain testimony, in the appellate brief, was a strategic choice that did not concede Culbero's guilt. That strategic decision was within counsel's purview and outside of Culbero's authority. Jones, 463 U.S. at 751–54. Magistrate Judge Ellis further concluded that counsel's decision fell within the bounds of prevailing professional norms and, thus, Culbero's contention to the contrary would fail. Strickland, 466 U.S. at 668.

The Court finds no clear error with these conclusions.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Ellis's December 26, 2012 Report and Recommendation in full. Culbero's motion to amend his Petition is DENIED. The reference to Magistrate Judge Ellis continues for further disposition in this matter.

Dated: New York, New York
July 8, 2013

SO ORDERED

*[signature]*
PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:
Mr. Lorenzo Culbero
06-A-0458
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

4