```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                           :
LORENZO CULBERO,                                           :
                                                           :
                              Plaintiff(s),   :
                                                           :              1:11-cv-4452-GHW
              -against-                                    :
                                                           :              OPINION & ORDER
WILLIAM A. LEE,                                            :
                                                           :
                              Defendant(s).  :
                                                           :
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

        On June 28, 2011, *pro se* Petitioner Lorenzo Culbero ("Petitioner") filed a Petition for a Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254. ("Pet."), Dkt. 1. He challenges his state court

conviction for burglary in the second degree and criminal possession of stolen property in the fifth

degree. Petitioner argues that (1) the prosecutor committed a *Brady* violation by failing to disclose

that the arresting officer and primary witness had applied and interviewed for a job with the

Manhattan District Attorney's Office; (2) he was arrested without probable cause; and (3) he

received ineffective assistance of appellate counsel. *Id.* For the reasons that follow, the Court denies

the petition in full.

I.      **Procedural History**

        On August 8, 2011, Judge Paul A. Crotty referred this case to Magistrate Judge Ronald L.

Ellis for a Report and Recommendation. Dkt. 7. On July 8, 2013, Judge Crotty adopted Judge

Ellis's Report and Recommendation to deny Petitioner's motion to amend his petition, and further

referred to the case to Judge Ellis for disposition of the matter. Dkt. 19. On September 30, 2014,

Judge Ellis issued a Report and Recommendation recommending that the Court deny the petition.

("Report"), Dkt. 24.  Readers are referred to the Report for a comprehensive review of the facts

relevant to the petition and the procedural history of the case.  This Court granted Petitioner an

extension of time by which to file his objection.  Dkt. 25.  On December 12, 2014, Petitioner filed a

timely objection to the Report.  ("Objection"), Dkt. 27.  For the reasons set forth below, after a de

novo review of the portion of the Report to which Petitioner objects, and a review for clear error in

the remaining portions of the Report, the Court DENIES Petitioner's Petition for a Writ of Habeas

Corpus.

## II.      Standard of Review

In reviewing a Report and Recommendation, a district court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to

which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b)(3).  To trigger de novo

review, a party's objections to the report must be "specific and clearly aimed at particular findings"

in the report.  *Molefe v. KIM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation

omitted).  To accept those portions of the report to which no objection has been made, or where a

"party makes only conclusory or general objections, or simply reiterates his original arguments," a

district court reviews the report "only for clear error."  *Silva v. Peninsula Hotel,* 509 F. Supp. 2d 364,

366 (S.D.N.Y. 2007) (internal citation and quotations omitted).  After conducting the appropriate

review, a district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.      Analysis

### A.      Ineffective Assistance of Counsel Claim

Petitioner objects to only one element of the Report – Judge Ellis's analysis of his claim for

ineffective assistance of counsel.  Petitioner asserts that Judge Ellis "misconstrued" his ineffective

assistance of counsel claim in denying his petition.  Objection at 2, 6.  Specifically, Petitioner claims

that Judge Ellis "presumed that petitioner [sic] argument centered on appellate counsel's failure to raise ineffective assistance of trial counsel for failing to challenge the (use) of hearsay information at a suppression hearing," but that Petitioner never actually asserted this claim. *Id.* After a de novo review of this portion of the Report, the Court finds that although the Report rejected Petitioner's ineffective assistance of counsel claim based on an apparent misunderstanding of that claim, the claim should nevertheless be denied.

Petitioner argues that he was denied effective assistance of counsel because appellate counsel failed to raise on appeal an ineffective assistance of trial counsel claim. The claim is based on the failure of trial counsel to challenge the use of hearsay evidence at the suppression hearing. The Report denies Petitioner's ineffective assistance of counsel claim based on Petitioner's failure to show that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," or that "there was a reasonable probability that his claim would have been successful before the state's highest court." Report at 24 (citations omitted). In support of this conclusion, the Report reasons that because hearsay evidence may be used for an arrest and during a suppression hearing in New York, appellate counsel's decision not to raise this argument on appeal did not omit "significant and obvious issues while pursuing issues that were significantly weaker." *Id.* (citation omitted). The Report further noted that "it is the prerogative of counsel, not the client, to decide what issues should be raised on appeal." *Id.* (citation omitted).

As Petitioner correctly notes in his Objection, the flaw in this section of the Report is that Petitioner has never objected to the use of hearsay evidence per se to establish probable cause at a suppression hearing, *see, e.g.*, Paul B. Lyons Decl., Ex. V (Petitioner's Coram Nobis Petition) at 35 (recognizing that hearsay may be used to establish probable cause),[1] as the Report appears to imply,

---

[1] Petitioner incorporates by reference his first coram nobis petition, which advanced the claim for the first time that appellate counsel on direct appeal was ineffective. *See* Pet. ¶ 12: Ground Three.

*see* Report at 24 (rejecting Petitioner's claim in part "[b]ecause hearsay evidence is permissible in New York for both establish probable cause for an arrest and during a suppression hearing . . . ."). Rather, Petitioner objects to the fact that the hearsay evidence used to establish probable cause for his arrest in this case – namely, the pawn shop logbook entries indicating that a "Lorenzo Culbero" had sold the allegedly stolen jewelry to the shop – was not sufficiently specific or reliable, and therefore inadmissible under the *Aguilar-Spinelli* test, which is still followed by New York courts.[2] *See* Objection at 3-6.  Petitioner is correct that the Report does not directly address this element of Petitioner's petition in its analysis.  The Court considers Petitioner's actual argument de novo.

Under *Strickland v. Washington*, 446 U.S. 668 (1984), to establish an ineffective assistance of counsel claim, a petitioner must show that counsel's representation was fundamentally deficient and that, but for counsel's errors, the results of the proceeding would have been different.  *Id.* at 687, 694.  To establish the first prong, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness."  *Id.* at 688.  Courts recognize "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Still, a petitioner may establish that counsel's conduct fell below the necessary standards by showing that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000).  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Id.* (citation omitted).  To satisfy the second prong of *Strickland*, a petitioner must demonstrate that "there was a 'reasonable probability' that [his] claim would have been successful before the [state's highest court]."  *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994) (citation omitted).  Furthermore, "[t]he likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 131 S. Ct. 770, 791-92 (quoting *Strickland*, 466 U.S. at 693).

---

[2] *See People v. Edwards*, 95 N.Y.2d 486, 594 n.5 (N.Y. 2000).

Petitioner fails to establish either the "performance" or the "prejudice" prong of *Strickland*.

Petitioner's appellate counsel asserted the following claims on appeal:  (1) petitioner was improperly denied the right to be present during sidebar questioning of prospective jurors about their ability to be fair and impartial; (2) the State violated *Brady* by not disclosing the arresting officer, Detective Kenneth Clancy's job application to the District Attorney's Office; and (3) the State did not establish probable cause to arrest.  Lyons Decl. Exh. G.  Petitioner requested, but appellate counsel refused to raise, an ineffective assistance of counsel claim based on trial counsel's failure to object to the sufficiency of the hearsay evidence offered by the arresting officer, Detective Kenneth Clancy, at the suppression hearing.  Lyons Decl. Exh. V at 31-32.

As Petitioner acknowledges, it is well-established that "hearsay evidence is admissible to establish any material fact" in support of probable cause at a suppression hearing.  CPL § 710.60(4); *see People v. Ortiz*, 87 A.D.3d 602, 603 (2d Dep't 2011).  Petitioner argues, however, that the pawn shop logbook fails to satisfy the two-pronged *Aguilar-Spinelli* test.  Lyons Decl. Ex. V at 35-36 (citing *People v. Johnson*, 66 N.Y.2d 417 (1985)).  Putting aside the fact that appellate counsel has wide discretion to decide what issues to raise on appeal, *see Warren v. Napoli*, No. 05 Civ. 8438, 2009 WL 2447757, at *18 (S.D.N.Y. Aug. 10, 2009) (citation omitted), and that appellate counsel is not even required to confer with their clients regarding which claims to raise, *see, e.g.*, *Campbell v. Greene*, 440 F.Supp. 2d 125, 151-42 (N.D.N.Y. 2006), Petitioner's claim fails on the merits for two reasons.

First, the *Aguilar-Spinelli* test applies only to hearsay information based on tips from undisclosed informants.  *See, e.g.*, *People v. Rivenburgh*, 1 A.D.3d 696, 699 (3d Dep't 2003).[3]  Here, the source of the information in the logbook was not undisclosed; rather, it was the owner of the pawn shop, an individual named Jay Park, who created the logbook and identified the physical jewelry as the jewelry described in the logbook at the suppression hearing.  *See* Lyons Decl. Ex. G at 12-13

---

[3] *See supra* n.2.

(citing Suppression Hearing Tr. at 494-495).

Second, even if *Aguilar-Spinelli* did apply, the logbook would satisfy its test. The test requires the prosecution to "demonstrate the reliability of the hearsay informant and the basis of the informant's knowledge . . . that it constitutes more than an unsubstantiated rumor, unfounded accusation or conclusory characterization." *People v. Ketchan*, 93 N.Y.2d 416, 420. Here, under an agreement with the New York City Police Department, and pursuant to state law, pawnshops are required to maintain a logbook containing the names of those who sell jewelry, the type of identification provided by the individual, and a description of the property sold. Lyons Decl. Ex. G at 12. Furthermore, Detective Clancy testified that he personally inspected and seized the logbook and spoke to Mr. Park, who created the entry. It was reasonable for appellate counsel to conclude on these facts that the hearsay evidence was sufficiently reliable to establish that "someone representing himself as Lorenzo Culbero had stolen jewelry to Jewelryland," Levy Decl. Ex. G at 54, and, therefore, decline to raise the issue on appeal.

Accordingly, Petitioner has not established that appellate that counsel's representation fell below an objective standard of reasonableness and that, but for her errors, the results of the proceeding would have been different. *See Strickland*, 446 U.S. at 688, 694. For that reason, the Court denies Petitioner's petition for a writ to be issued on the basis of Petitioner's ineffective assistance of counsel claim.

B.   No Clear Error in Remainder of the Report

Petitioner does not object to the remaining sections of the Report, including Section III(B)(2) of the Report, which recommended denying Petitioner's claims that the State violated *Brady* by not timely disclosing Detective Clancy's job application and interview with the Manhattan District Attorney's office, and Section III(B)(3) of the Report, which recommended denying Petitioner's claim that his Fourth Amendment rights were violated because he was arrested without

6

probable cause.  Careful review of those elements of the Report to which Petitioner has raised no objection reveals no clear error.  Therefore, the Court adopts those elements of the Report in their entirety.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Petition for a Writ of Habeas Corpus is DENIED in its entirety.

The Clerk of Court is directed to close this case.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).  The Court further certifies that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status will be denied for the purposes of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:  December 19, 2014
New York, New York

GREGORY H. WOODS
United States District Judge